UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENESSEE

KATHY SHEPHARD, Individually
and on behalf of others similarly
situated,

    PLAINTIFF,

v.

MARTIN J. WALSH,
in his official capacity as
U.S. Secretary of Labor,

    DEFENDANT.

Case No.

# CLASS ACTION COMPLAINT

Plaintiff, by and through counsel, for her Class action against Defendant, alleges as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter in that it presents a federal question involving the enforcement 15 U.S.C. Chapter 116 – Coronavirus Aid, Relief and Economic Security (CARES) Act, 15 U.S.C. § 9021(b) and (c) that states "the assistance authorized under subsection (b) shall be available to a covered individual." This additional unemployment assistance over and above any state benefit is a federal $300 unemployment subsidy provided weekly to unemployed workers covered by state programs and a $300 federal payment to the self-employed and so-called gig workers not usually covered under a state unemployment scheme through September 6, 2021, Labor Day.

1

2. Venue is proper in this District under 28 U.S.C. § 1391(c). Plaintiff Kathy Shephard is a self-employed worker and Tennessee resident with a principal business address of 101 Fox Street, Jonesborough, Tennessee, operating under the name East Tennessee Ghost Tours. Plaintiffs are covered individuals under the terms of the CARES Act. The acts, omissions and transactions giving rise to allegations of the violation of the statute complained here occurred in Tennessee and in states across the country.

## SUMMARY OF THE ACTION

3. The American Rescue Plan Act (ARPA), a $1.9 trillion stimulus relief bill that took effect on March 11, 2021, extended federal unemployment weekly supplements of $300 to state covered unemployed claimants' payments and to self-employed and gig workers' Pandemic Unemployment Assistance PUA) benefits. Beginning in June, 2021 various states announced that they would withdraw and end paying the federally financed weekly $300 to workers through their state unemployment agencies and programs. The cessation of these benefits included payments to the self-employed and gig workers previously covered under provisions of the federal CARES Act. In Tennessee the self-employed and gig workers also included the Tennessee formula for benefits to a maximum of $275 per week and the $300 federal supplement. All of these benefits were paid by the federal government without expense to Tennessee and other states. The United States Department of Labor subsequently declined to arrange, manage, direct and continue the mandated $300 PUA benefit per week in the subject states under the Cares Act which says that "the assistance

authorized under subsection (b) shall be available to a covered individual." 15 U.S.C. § 9021(b).

## THE PARTIES

4. Plaintiff Kathy Shephard is a self-employed PUA recipient under the terms of the CARES Act as verified by Tennessee. Before the Coronavirus Pandemic, Ms. Shephard operated a small business guiding tourists on tours of places and structures with reputations for paranormal activities and presences. The Coronavirus and its restrictions shut down Plaintiff's business. Plaintiff hopes and plans to return to her enterprise when possible. Class Plaintiffs are similarly situated and aggrieved. The Secretary of Labor makes rules and enforces laws related to and regulating labor in the United States.

## DUTIES OF THE DEFENDANT

5. The U.S. Secretary of Labor is responsible under the CARES Act for overall administration and payment of benefits to unemployed PUA beneficiaries. The language is not discretionary. U.S.C. § 9021(b) charges the Secretary of Labor with providing PUA to all who qualify:

> Assistance for Unemployment as a result of COVID-19 -Subsection (c), the Secretary shall provide to any covered individual unemployment benefit assistance while such individual is unemployed, partially unemployed, or unable to work for weeks of such unemployment with respect to which the individual is not entitled to any other unemployment compensation (as that term is defined in section 85(b) of Title 26, United States Code or waiting period credit. 15 U.S.C. § 9021(b)

The Secretary is responsible for paying the $300 federal benefit to state covered individuals even after any state terminates its participation, essentially as an agent of the federal government in this instance, in qualifying unemployed individuals for

3

unemployment benefits and PUA payments funded by the federal government. The absence of participation by the state in PUA benefit distribution does not absolve the Secretary of his responsibility to provide any covered individual with benefit assistance. The Secretary remains responsible for paying the $300 federal benefit to state covered individuals. And the Secretary remains responsible for paying the PUA benefit to self-employed and gig workers not otherwise covered. As the actual PUA payments to the self-employed and gig workers, for instance in Tennessee and some other states, are fully paid by federal funds until September 6, 2021, the federal government must continue those combined payments by other means now in those non-participating states under the mandatory "shall" language of the CARES Act. While there are many strong policy reasons for continuing PUA through the September 6, 2021 Labor Day end date, the issue here is the statutory and compulsory language of the Cares Act providing benefits to covered individuals.

## PLAINTIFF CLASS ALLEGATIONS

6. The Plaintiff brings this Class Action under Rule 23(a) and b(3) of the Federal Rules of Civil Procedure on behalf of all qualified persons, during the period from March 11, 2021 to September 6, 2021 and who remained eligible for PUA and related benefits but were prematurely terminated by their states without cause from federal CARES Act payments of a weekly $300 supplement in the case of state unemployment system workers and those self-employed and gig workers entitled to supplemental weekly $300 payments based on a state base pay fully paid by the federal government.

7. The estimated 4 million members of the class are so numerous that joinder

all members is impracticable. The amount of loss, depending on differing state compensation levels, is $20 billion. While the exact number of Class members is unknown, the class currently includes millions of workers from 25 states, according to the U.S. Department of Labor. Cessation of CARES Act benefits disproportionately impacts communities of color and violates Title VI of the Civil Rights Act of 1964 and Section 188 of the Workforce Investment Act of 1998. For example, the percentages of Black unemployment recipients are 55 percent in South Carolina, 54 percent in Alabama and 66 percent in Mississippi. Unemployment rates in communities of color run nearly twice that of other groups during the pandemic.

8. Plaintiff's claim is typical of the claims of the Class as Plaintiff since they arise out of identical sets of facts in each Plaintiff's case based on early termination of their benefits under the PUA and the CARES Act.

9. Plaintiff is a representative party who will fully and adequately protect the Interests of the Class members. Plaintiff's counsel is experienced and competent in class action and litigation. Plaintiff has no interest that is contrary or in conflict with the interests of the Class she seeks to represent.

10. A class action would be superior to all other available methods for efficient adjudication of the controversy. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

11. The prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications on the subject of the action, which could establish incompatible standards of conduct. Questions of law and fact

5

Case 2:21-cv-00104-TAV-CRW    Document 1    Filed 06/29/21    Page 5 of 7    PageID #: 5

common to all class members predominate over any questions that may affect only individual members. Among the questions of law and fact common to the Class are:

    a. Does the language of the CARES Act give the Secretary of Labor D discretion in providing benefits when it says that the Secretary "shall" provide benefit assistance to any covered individual?

    b. Does the CARES Act compel the Department of Labor to provide the additional $300 to covered individuals even if a state terminates an agreement to funnel the benefits to a recipient?

## DEMAND FOR RELIEF

12. Plaintiff respectfully requests that the Court :

    a. certify this action to be a proper class action pursuant to Rule 23(a) and 23(b) of the Federal Rules of Civil Procedure on behalf of the class described here in Paragraph 6.;

    b. award Plaintiff and each member of the Class the CARES Act and PUA benefits to which they are entitled retroactively, currently and until September 4, 2021, Labor Day;

    c. enforce the CARES Act of 2021 as written that the Secretary "shall" provide benefits to any covered individual and accordingly award declaratory relief requested in Plaintiff's complaint;

    d. award costs and attorney's fees under 42 U.S.C. §1988 or any other applicable provision implicated in the enforcement of the statute;

    e. award all other relief that the Court finds just and proper.

Respectfully submitted:

**/s/ Robert L. King**
Robert L. King
TN BPR No. 011846
Attorney for Plaintiff and Proposed Class
P.O. Box 4055
Johnson City TN 37602-4055
423-283-5445
kinglaw@chartertn.net